## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LAUREL FLOWERS,

       Plaintiff,

v.                                     Civ. No. 19-148 RB/SCY

MATHESON TRI-GAS, INC.,

       Defendant.

## <u>ORDER GRANTING IN PART MOTION FOR PROTECTIVE ORDER</u>

This matter is before the Court on Defendant's Motion For Protective Order From Plaintiff's Notice Of 30(b)(6) Deposition And Memorandum Of Law In Support Thereof. Doc. 43. In this case, Plaintiff brings state-law claims against her former employer for gender discrimination and retaliatory discharge. Plaintiff was the Site Manager for Defendant's Albuquerque offices, and claims she was required to submit Pay Equity Reports for Defendant under New Mexico's Pay Equity Initiative when the Albuquerque offices sought contracts with the state or federal governments. Doc. 1-4 ¶ 6. According to the complaint, Defendant fired her in retaliation for her having requested the information necessary to complete this report. *Id.* ¶¶ 7-11, 14, 20.

During the course of discovery, Plaintiff requested a Rule 30(b)(6) deposition on the following topics:

> 1. Defendant's implementation of all policies under which Plaintiff was allegedly terminated, including its interpretation of those policies and all factual circumstances surrounding all instances in which the policies have been applied to discipline employees in any way. Defendant provide [sic] all documents substantiating its testimony on these matters on the date of the deposition.

2. Defendant's pay equity policies, including its implementation of any such policies. Defendant shall bring to the deposition all documents substantiating its testimony on these matters.

Doc. 43-1 at 5.

Defendant objected, arguing that the topics cover information that is not relevant to Plaintiff's claims. *Id.* at 8. Defendant accompanied its objection with a two-page, single-spaced letter that explained Defendant's position. *Id.* at 8-9. Defendant concluded by "request[ing] that Ms. Flowers narrow the scope of the deposition subjects and state with the requisite specificity the relevant information sought." *Id.* at 9. Plaintiff, however, refused to confer on this subject, instead telling Defendant to "[p]lease file your frivolous motion for protective order so we can get it resolved." *Id.* at 10. This motion followed.

Defendant contends that Topic No. 1 is overbroad in geographic and temporal scope. Doc. 43 at 4. Defendant is a supplier of industrial, medical, and specialty gases and equipment with offices nationwide which are managed by different individuals. *Id.* at 5. The decisionmakers in Plaintiff's case are different than the individuals who manage Defendant's other offices. *Id.* But Plaintiff seeks testimony regarding all of Defendant's offices throughout the country. In addition, Defendant has been in operation since 1927. *Id.* Because Plaintiff refused to narrow the temporal scope of her request, she apparently seeks information for over 93 years of operations. *Id.*

In her response Plaintiff explains that, because she was the only site manager in Albuquerque, her request must be of nationwide scope in order to find comparators. Doc. 51 at 1-2. At the regional level, there are only four comparable managers, so Plaintiff seeks information at the national level. *Id.* at 2. Plaintiff also argues the request is not overbroad in temporal scope because she seeks to find out if Defendant has "ever" fired a site manager for the reasons it fired Plaintiff. *Id.* at 2-3.

The Court agrees with Defendant that Topic No. 1. is excessive in scope. Although

Plaintiff's briefing focuses on site managers, her Rule 30(b)(6) notice contains no such

limitation. Instead, her request applies nationwide to each of Defendant's employees, regardless

of whether those employees are similarly situated to Plaintiff. And, Plaintiff apparently requests

this information for the entire time Defendant has been in operation – the last 93 years. She

defends this unlimited temporal request by arguing that, if Defendant does not have the

information beyond a certain time period, it can just say so. This argument completely disregards

Rule 26(b)'s proportionality considerations. Fed. R. Civ. P. 26(b) ("Parties may obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense and

proportional to the needs of the case, considering the importance of the issues at stake in the

action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or

expense of the proposed discovery outweighs its likely benefit."). Demanding Defendant to

search its records for circumstances surrounding terminations that occurred nearly a century ago

is completely unjustified. Reasonable temporal limitations are a routine and expected aspect of

discovery requests. When a discovery request seeks information so outdated that it can have no

bearing on the dispute at issue, the Court expects the parties to comply with Rule 26(c)'s

requirement to confer in good faith in an attempt to agree on a reasonable limitation. Instead of

engaging in such dialogue, Plaintiff here responded to Defendant's request to limit the scope of

discovery by simply telling Defendant, via email, to "[p]lease file your frivolous motion for a

protective order so we can get it resolved." Doc. 43-1 at 11. A request to work out a reasonable

temporal scope, short of 93 years, is not frivolous. Similarly, Plaintiff's refusal to discuss the

scope of her request for information about *all* employees until after Defendant filed its motion to

compel violates Rule 26(c) and wastes the time of the parties and the Court. Plaintiff's counsel is admonished to comply with Rule 26(c) in the future.

Given that the parties were unable to resolve this dispute on their own, the Court now addresses what comparator evidence over what period of time is discoverable. Comparator evidence is relevant in a discrimination case to "show that [the plaintiff] was treated differently than other similarly situated employees who violated work rules of comparable seriousness." *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1404 (10th Cir. 1997). Typically, as Defendant argues, "[c]omparison of one disciplinary action with another ordinarily is relevant only to show the bias of the person who decided upon the disciplinary action." *Rivera v. City & Cnty. of Denver*, 365 F.3d 912, 922 (10th Cir. 2004). Therefore, "'[s]imilarly situated employees are those who deal with the same supervisor and are subject to the same standards governing performance evaluation and discipline.'" *Id.* (quoting *Aramburu*, 112 F.3d at 1404). Plaintiff's topic is not limited in scope to Defendant's employees who dealt with the same decisionmaker as Plaintiff.

Plaintiff argues that the scope of discovery in this case is not limited to evidence pertaining to the same decisionmaker because of an exception to that rule. Docs. 60 & 62. Plaintiff is correct that "comparisons of actions of different supervisors" is allowed where there is "independent evidence of a specific enterprise-wide policy." *Rivera*, 365 F.3d at 922 (citing *Gossett v. Oklahoma ex rel. Bd. of Regents for Langston Univ.*, 245 F.3d 1172, 1177-78 (10th Cir. 2001)). Plaintiff argues that certain deposition testimony

4

establishes that Defendant has a policy or practice of retaliating against employees who

file lawsuits or testify against the company. Doc. 62 at 2.[1]

Defendant asserts that "[t]he individuals who managed the 2nd Street Albuquerque store

are different than the individuals who managed Defendant's other offices" and requests that

Plaintiff's topic be limited to "Defendant's 2nd Street Albuquerque location and only the time

period relevant to the claims and defenses of this case, which is no earlier than 2016." Doc. 43 at

5. Given that Plaintiff apparently was the only site manager in Albuquerque during this time,

such a limitation would not allow Plaintiff to obtain discovery relevant to whether it was

Defendant's practice to terminate site managers who attempted to comply with state laws related

to equal pay. This is a fair topic for discovery. Moreover, allowing discovery on this topic does

not preclude Defendant from later arguing in summary judgment briefing that the Court should

not consider decisions of site managers subject to different decisionmakers because those

decisions are not linked to a single, company-wide policy. The Court therefore grants

Defendant's request in part. Plaintiff may seek the information requested in Topic 1 as it relates

to all site managers in Defendant's employ from August 23, 2013 through August 23, 2018

(when Defendant terminated Plaintiff).[2]

---

[1] Defendant argues that Plaintiff's evidence constitutes "double hearsay." Doc. 63 at 1. The Court need not resolve this evidentiary issue, however, as discovery requests may be premised on hearsay information. Fed. R. Civ. P. 26, advisory committee notes ("Thus hearsay, while inadmissible itself, may suggest testimony which properly may be proved.").  Further, assuming relevancy, a statement from a defendant company's safety and compliance officer that it is the company's practice to get rid of employees who bring claims for work related injuries might be admissible under Federal Rule of Evidence 801(d)(2) when the statement is offered through the testimony of the person who heard it firsthand.

[2] The Court recognizes that Plaintiff's refusal to narrow her request prior to the filing of Defendant's present motion limited Defendant's opportunity to argue that information related to all site managers nationwide is overly burdensome. If Defendant intends to take this position, it should confer with Plaintiff and, if the parties are unable to reach a resolution, Defendant may file a supplemental brief by April 28, 2020.

Topic No. 2 seeks information on Defendant's pay equity policies and its implementation of them. Defendant argues that Plaintiff is not bringing a pay equity claim and that New Mexico's pay equity policies do not create a private right of action. Plaintiff argues that Defendant misses the point: Plaintiff's claim is that she was fired for trying to comply with New Mexico law on pay equity for government contractors, and evidence showing that the information would have been unfavorable to Defendant would tend to make it more likely that Defendant fired her in retaliation for trying to send such information to the state government. Although Plaintiff should have explained her reasoning to Defendant as part of Rule 26(c)'s requirement to confer in an attempt to resolve the dispute in good faith, the Court agrees with Plaintiff. The information Plaintiff seeks is relevant to whether Plaintiff's termination was pretextual.

Defendant expresses concern that "plaintiff is abusing the discovery process to obtain information about unpled claims against Defendant." Doc. 43 at 7. To the extent Defendant is concerned that Plaintiff will disclose information she receives in discovery to persons not involved in this litigation, a protective order can address this concern. If Defendant's concern is that Plaintiff's counsel may learn information that leads to Plaintiff's counsel adding claims to this lawsuit, a desire to avoid additional claims is not a justifiable reason to shield discoverable information from a litigant who is entitled to it.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE