IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LAUREL FLOWERS,

    Plaintiff,

v.                                                                                                  Civ. No. 19-148 RB/SCY

MATHESON TRI-GAS, INC.,

    Defendant.

## DISCOVERY ORDER

This matter is before the Court on: (1) Plaintiff's Motion To Compel Request For Production 9, filed April 22, 2020 (Doc. 68); (2) Plaintiff's Motion For Discovery Sanctions, filed April 22, 2020 (Doc. 69); (3) Defendant Matheson Tri-Gas, Inc.'s Supplemental Brief Regarding The Court's Order Granting In Part Motion For Protective Order, filed April 28, 2020 (Doc. 71); and (4) Plaintiff's Second Motion To Compel Full Response To RFP 3 And Unredacted Version Of Matheson 749 And For Sanctions, filed May 6, 2020 (Doc. 73).

Plaintiff was the Site Manager for Defendant's Albuquerque offices, and claims she was required to submit Pay Equity Reports for Defendant under New Mexico's Pay Equity Initiative when the Albuquerque offices sought contracts with the state or federal governments. Doc. 1-4 ¶ 6. According to the complaint, Defendant fired her for discriminatory reasons, and in retaliation for her having requested the information necessary to complete this report. *Id.* ¶¶ 7-11, 14, 20. The parties' present discovery disputes relate to various distinct topics, and the Court considers each in turn.

A.      <u>Plaintiff's Motion To Compel Request For Production 9</u>

This motion requests the Court compel a response to Plaintiff's Request for Production ("RFP") No. 9, which sought "All expense reports and American Express statements of expenditures by Daniel Lambert from 2013 to present." Doc. 68-3 at 1. Among other objections, Defendant responded that RFP 9 "seeks documents neither relevant to the subject matter of this litigation nor reasonably likely to lead to the discovery of admissible evidence and is overbroad." Doc. 68-4 at 1 (internal quotation marks and alterations omitted). The parties met and conferred over this objection but were unable to reach an agreement. *Id.*

In her Motion to Compel, Plaintiff explains that Defendant supposedly fired Plaintiff for, among other things, improper use of her company purchase card. Doc. 68 at 1. Plaintiff argues that RFP 9 is relevant to demonstrating that this reason is pretextual; it will show whether Daniel Lambert, a male employee, also purchased things on his company card that were not in agreement with company policy. *Id.*

There can be no dispute that information relevant to pretext is discoverable in an employment discrimination lawsuit. But Defendant argues that Plaintiff and Lambert were not issued the same type of company card, the respective uses of which are subject to different policies and procedures. Doc. 75 at 2-3. Defendant is free to argue in a motion for summary judgment or a motion in limine that this difference between the two cards demonstrates that its reason for firing Plaintiff was not pretextual. But the question of whether Plaintiff has enough evidence to present her case to a jury is different from the question presented in this motion regarding what is discoverable. "[T]he scope of discovery under the federal rules is broad," and "discovery in discrimination cases should not be narrowly circumscribed." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995). For instance, even if Lambert used a

different type of card, subject to different policies, the requested discovery could still be relevant to pretext if his use of his card violated the policies and procedures applicable to that card.

Defendant further argues that Plaintiff and Lambert are not similarly situated, and that Plaintiff cannot use his conduct to demonstrate that her own termination was pretextual. Doc. 75 at 4-7. Again, assuming discovery were to show that Defendant treated Plaintiff and Lambert differently, Defendant would be free to argue that such evidence is inadmissible in a motion in limine because Plaintiff and Lambert were not similarly situated. For purposes of discovery in a sex discrimination case, however, Plaintiff is entitled to discovery of evidence that Defendant treated Plaintiff differently than an arguably similarly situated male employee.

Thus, the Court GRANTS Plaintiff's Motion To Compel Request For Production 9 (Doc. 68). Defendant shall respond to RFP 9 within 30 days of the date of this order.

      B.      <u>Plaintiff's Motion For Discovery Sanctions</u>

In this Motion, Plaintiff argues that an untimely document production prejudiced her and merits sanctions. Doc. 69. On April 9, 2019, Plaintiff requested "all communications or other documents investigating or substantiating the allegations used as a basis for Plaintiff's termination" and "all documents, emails, and other materials discussing Plaintiff's requests for a pay equity report." Doc. 69-1 at 2. Defendant objected but agreed to produce all responsive non-privileged documents. *Id.* at 2-3. According to Plaintiff's motion, on April 14, 2020, Defendant produced 86 pages of documents responsive to this request. Doc. 69 at 2. Plaintiff argues this late production prejudiced her case because, when the documents were produced, the discovery termination date was May 6, 2020, and the documents were critical to the case and necessitated further discovery. *Id.* at 2-3.

Plaintiff requests Defendant be precluded from using any of these materials at trial; that the jury receive an adverse inference regarding their content; fees for the drafting of her motion;

and an additional $5,000 sanction. Doc. 69 at 3. The legal basis for the sanctions request is Federal Rule of Civil Procedure 37(c)(1). *Id.* at 1. Under Rule 37, a party may not use information it failed to disclose or supplement as required by Rule 26(a) or (e). The Court may also order the payment of attorney's fees or impose "other appropriate sanctions." Fed. R. Civ. P. 37(c)(1)(A), (C). In turn, Rule 26 requires a party to supplement its discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Defendant represents that "Matheson reviewed the email boxes of Ms. Flowers and a number of Matheson employees," which "yielded more than 400,000 documents." Doc. 74 at 11. In the course of this review, "Matheson inadvertently omitted four documents responsive to Ms. Matheson's initial written discovery demands." *Id.* Defendant represents that it found these documents sometime between February 28 and April 14, 2020. Doc. 74 at 3. The Court agrees with Plaintiff that, if Defendant found these documents on February 28, 2020, but did not disclose them until April 14, 2020, this delay would be unreasonable. On the other hand, it certainly would not be unreasonable had Plaintiff discovered them on April 14, 2020 and then disclosed them the same day. Rather than expending the resources of the parties and the Court to determine exactly when Defendant discovered these documents, the Court will focus on the issues of willfulness and prejudice.

Defendant's counsel has represented that the initial omission of the documents was "inadvertent." Doc. 74 at 1, 3. Plaintiff demands admissible evidence supporting this assertion, Doc. 86 at 1, but that is not required. Defendant's counsel makes this representation as an officer

4

of the Court and under Federal Rule of Civil Procedure 11. Plaintiff has offered no information herself to suggest the representation is untrue.

Moreover, the parties represent that they have agreed to an extension of discovery. Doc. 69 at 3; Doc. 74 at 11. Plaintiff does not suffer prejudice from a late disclosure of documents if sufficient time remains to conduct additional discovery with respect to the untimely information. If the parties have indeed agreed to an extension of discovery, they should submit a joint proposed order to the Court reflecting that agreement.

The Court DENIES Plaintiff's Motion For Discovery Sanctions, filed April 22, 2020 (Doc. 69).

C.   Supplemental Briefing Regarding Site Managers (Doc. 71)

The Court previously granted in part and denied in part Defendant's Motion For Protective Order From Plaintiff's Notice Of 30(b)(6) Deposition. Doc. 65. The Court found that Plaintiff had noticed topics for a 30(b)(6) deposition that were overbroad in some respects, but sought relevant, discoverable information in other respects. *Id.* In relevant part, Plaintiff sought information on the following topic:

> Defendant's implementation of all policies under which Plaintiff was allegedly terminated, including its interpretation of those policies and all factual circumstances surrounding all instances in which the policies have been applied to discipline employees in any way. Defendant provide [sic] all documents substantiating its testimony on these matters on the date of the deposition.

*Id.* at 1. The Court ordered that "Plaintiff may seek the information requested in Topic 1 as it relates to all site managers in Defendant's employ from August 23, 2013 through August 23, 2018." *Id.* at 5. The Court noted in a footnote that, due to Plaintiff's unwillingness to confer on the issue, the Court would permit Defendant to file a supplemental brief raising any "undue burden" objections to the information ordered. *Id.* at 5 n.2.

5

Accordingly, Defendant filed this Supplemental Brief arguing that Defendant should be permitted to look for and produce documents regarding whether Defendant has ever *terminated* a Site Manager for the reasons it fired Plaintiff in its employ from August 23, 2013 through August 23, 2018. Doc. 71 at 2-3. Plaintiff responded in opposition that she seeks information regarding other site managers disciplined (not just terminated). *Id.* at 3. In its Supplemental Brief, Defendant argues that this request is unduly burdensome and seeks information not relevant to the lawsuit. *Id.* at 4-7. Plaintiff disagrees with both contentions and also argues that Defendant's brief is outside the scope of the Court's footnote permitting additional briefing. Doc. 81.

The Court did intend to allow Defendant to file a supplemental brief arguing that the nature of the information requested was too broad. In asking what the burden of requiring a nationwide search for site managers would be, the scope of the question necessarily comes into play. Plaintiff interprets the Court's order as only allowing for one of two results: (1) determine that the nationwide search would be too burdensome and so allow Plaintiff to obtain information regarding all discipline, but only for the four site managers; or (2) determine the nationwide search would not be too burdensome and so require Defendant to provide records for all discipline for all site managers throughout the country. If limited to these two options, the Court would choose the first, and Plaintiff would be worse off than under the compromise Defendant proposes. Fortunately for Plaintiff, however, in considering the question of proportionality, the Court does not limit itself to "either-or" extremes.

As a result, with the exception of the four regional site managers, the Court limits the requested discovery to terminations nationwide, rather than all discipline. Defendant represents that it employed at least 133 Site Managers within that timeframe and would be required to, at a

minimum, gather all Site Managers' personnel files; review all Site Managers' personnel files for documents relating to written discipline; interview all Site Managers' supervisors and other pertinent personnel (who may or may not be currently employed by Matheson) to determine whether they were "disciplined" in writing or verbally for similar reasons for which Plaintiff was terminated; gather information concerning "all factual circumstances" surrounding such discipline; and educate its corporate witness on the same. Doc. 71 at 4. Defendant further argues, "[t]his burden is further underscored by Plaintiff's refusal to define or limit such terms as 'discipline' and 'all factual circumstances' . . . and as a result, Matheson must guess as to what is sufficient and review a significant amount of data and conduct multiple interviews for each disciplinary action at issue." *Id.* at 5. Defendant asserts that this could easily total over 150 hours of work. *Id.* at 4-5. On the sliding scale of proportionality, the Court finds that Plaintiff has not justified the need for information on all discipline (since Plaintiff was terminated) in light of the burden the request poses on the Defendant.

The balance shifts, however, when it comes to the four site managers who worked in the same region as Plaintiff. For these four individuals, the burden on Defendant is significantly less and the potential value of to Plaintiff of these more similarly situated individuals is significantly more. For instance, if a male site manager, subject to the same decisionmaker, violated similar work policies but was disciplined rather than terminated, Plaintiff could offer this fact as evidence of pretext. Therefore, on the proportionality scale, Plaintiff has made a showing that the potential value of relevant disciplinary information related to the four regional site mangers outweighs the burden of producing it.

The Court GRANTS IN PART Defendant's Request in Doc. 71. The Court limits Topic No. 1 to Site Managers employed by Matheson between August 23, 2013 and August 23, 2018

7

who were terminated under the same policies for which Plaintiff was terminated; and to Site Managers employed by Matheson in the same region as Plaintiff between these dates who were disciplined under the same policies for which Plaintiff was terminated.

      D.      <u>Plaintiff's Motion to Compel Response to RFP 3</u>

In RFP 3, Plaintiff requested "all documents, emails, other materials discussing Plaintiff's request for a pay equity report." Doc. 73 at 1. According to Plaintiff, Defendant did not produce a privilege log, and, over a year after the request was served, produced a responsive email that was addressed to corporate counsel. *Id.* Because Matheson produced this otherwise privileged email without having provided a timely privilege log, Plaintiff requests that "Defendant should be deemed to have waived any privilege with respect to that email and with respect to any follow-on emails." *Id.*

Defendant responds that "no other responsive documents to the Requests—privileged or otherwise—exist." Doc. 88 at 2. Therefore, Defendant has not withheld responsive documents on the basis of privilege, and there is no objection on the basis of privilege to overrule and deem waived. Again, this is a representation by counsel as an officer of the Court, which Plaintiff has provided no reason to disbelieve. Because no responsive documents were withheld, there is nothing to compel.

Likewise, Plaintiff moves to compel an "unredacted" version of a document produced in discovery. Doc. 73 at 3; *see* Doc. 73-4 at 1 (a blank white page). In response, Defendant indicates that this page was blank in the original, native file and Defendant did not redact anything in the production of this document. Doc. 88 at 4. The Court accepts this representation by Defendant's counsel as an officer of the Court and under Federal Rule of Civil Procedure 11. There is, again, nothing to compel.

8

The Court DENIES Plaintiff's Second Motion To Compel Full Response To RFP 3 And Unredacted Version Of Matheson 749 And For Sanctions (Doc. 73).

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE