IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAUREL FLOWERS,

       Plaintiff,

v.                                                             No. CIV 19-0148 RB/SCY

MATHESON TRI-GAS, INC.,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Laurel Flowers's Motion for Rule 56(d) Relief with Respect to Defendant's Motion for Summary Judgment (Doc. 92), and the parties' Joint Motion to Extend Case Management Deadlines (Doc. 99).

### I.    Relevant Procedural Background

Matheson Tri-Gas, Inc. filed a Motion for Summary Judgment on May 18, 2020. (Doc. 85.) Ms. Flowers filed a Motion for Rule 56(d) Relief on June 1, 2020, and asks the Court to either deny Matheson's motion or defer ruling on it to allow Ms. Flowers more time for discovery. (*See* Doc. 92.) Counsel for Ms. Flowers submits an affidavit and attests that Matheson delayed producing documents relevant to its grounds for terminating Ms. Flowers. (*See* Doc. 92-1 ¶¶ 2–5.) As a result, Ms. Flowers has been unable to obtain follow-up written and/or deposition discovery relevant to these documents, which will be necessary to respond to Matheson's summary judgment motion. (*Id.* ¶¶ 7–8.)

Matheson responds that Ms. Flowers "squandered" the allotted time to conduct discovery, choosing instead to file discovery motions and refusing to work with Matheson to extend deadlines

in advance. (Doc. 96 at 1–2.) Matheson argues that Ms. Flowers has everything she needs to respond, "except for one 30(b)(6) deposition" that was the subject of a recent discovery order. (*See id.* at 2; *see also* Doc. 97 at 5–8.)

The current Scheduling Order provides that discovery ended on May 6, 2020. (Doc. 50.) On June 18, 2020, United States Magistrate Judge Steven C. Yarbrough ruled on several discovery disputes, including a dispute on the proper scope of a 30(b)(6) deposition. (Doc. 97.) In his Memorandum Opinion and Order, Judge Yarbrough noted that "the parties represent that they have agreed to an extension of discovery." (*Id.* at 5 (citing Docs. 69 at 3 (asserting that Ms. Flowers conferred with Matheson about a 60-day extension); 74 at 3 (stating that Matheson agreed to Ms. Flowers's proposed extension)).) In a follow-up order to address scheduling issues, Judge Yarbrough observed that "many discovery issues remain outstanding." (Doc. 98 at 1.) He directed the parties to move for a continuance of the pretrial conference and trial dates, and if granted, the parties could then seek to extend the discovery scheduling order. (*Id.*) In response, the parties filed a joint motion to continue the current pretrial conference and trial settings and proposed new dates. (Doc. 99.)

**II.     The Court will grant Ms. Flowers's Rule 56(d) Motion.**

Under Federal Rule of Civil Procedure 56(d),

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d); *see also Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1553–54 (10th Cir. 1993). "The general principle of Rule 56(d) is that summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is

essential to [its] opposition." *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir.2000). "Unless dilatory or lacking in merit," a motion under Rule 56(d) "should be liberally treated." *Jensen*, 998 F.2d at 1553–54 (quotation and citation omitted).

Here, counsel for Ms. Flowers attests that she requires follow-up discovery to a recent production relevant to her claims. Moreover, the parties have agreed to an extension of discovery and other deadlines in this matter, and Judge Yarbrough directed the parties to seek such an extension. The Court finds that Ms. Flowers's Rule 56(d) motion is well-taken and will be granted in part: the Court will **deny without prejudice** Matheson's Motion for Summary Judgment. Matheson may refile the motion after the close of discovery and no later than the deadline for filing pretrial motions as specified below.

**III.    The Court will amend the Scheduling Order and vacate and reset the pretrial conferences and trial.**

Because the parties have tacitly agreed to a 60-day extension to discovery (Docs. 69 at 3; 74 at 11; 97 at 5), the Court will amend the Scheduling Order and impose hearings as follows:

1. Termination date for discovery: **August 18, 2020**.

2. Motions related to discovery must be filed by **August 25, 2020**.

3. Pretrial motions other than discovery motions (including motions that may require a *Daubert* hearing) must be filed by **September 14, 2020**.

4. Proposed Pretrial Order:

    a. Plaintiff to Defendant: by **October 12, 2020**.

    b. Defendant to the Court: by **October 26, 2020**

5. The Initial Pretrial Conference currently scheduled for August 7, 2020, is hereby vacated and reset for **February 19, 2021**.

3

6. The Final Pretrial Conference currently scheduled for September 11, 2020, is hereby vacated and reset for **March 19, 2021**.

7. The Jury Trial currently scheduled for October 19–23, 2020, is hereby vacated and reset for **April 19–23, 2021**.

Counsel are cautioned that no further extensions will be granted in this matter absent good cause and exigent circumstances.

**THEREFORE**,

**IT IS ORDERED** that the Motion for Rule 56(d) Relief with respect to Defendant's Motion for Summary Judgment (Doc. 92) is **GRANTED IN PART**;

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Doc. 85) and the Motion for Leave to File Excess Pages (Doc. 84) are **DENIED WITHOUT PREJUDICE** subject to refiling after discovery closes;

**IT IS FURTHER ORDERED** that the Joint Motion to Extend Case Management Deadlines (Doc. 99) is **GRANTED IN PART**, and the parties shall follow the amended deadlines as outlined above.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE