**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LAUREL FLOWERS,
        Plaintiff,

v.                                                                             No. CIV 1:19-00148 RB/SCY

MATHESON TRI-GAS, INC.,
        Defendants.

**MEMORANDUM OPINION AND ORDER**

Plaintiff moves the Court to alter its Memorandum Opinion and Order dismissing her Complaint. For the reasons discussed below, the Court will deny her motion.

**I.    Plaintiff did not adequately plead claims for unequal pay and retaliation for opposition to unequal pay.**

"Plaintiff asks the Court to consider [her] claims for unequal pay and retaliation for opposition to unequal pay [(the "unequal pay claims")] under the [New Mexico Human Rights Act (NMHRA)] to be properly before the Court, and to rule on them." (Doc. 136 at 4 (emphasis omitted).) Plaintiff raises this issue because she believes "the Court did not specifically address the fate of [her unequal pay claims] . . . ." (*Id.* at 1.) She is mistaken. The Court referred to the unequal pay claims as Fair Pay for Women Act (FPWA) claims in its opinion dismissing this lawsuit. (*See* Doc. 134 at 14.) It clarifies here, however, that whether the unequal pay claims were brought under the NMHRA or the FPWA, Plaintiff failed to sufficiently plead them under the *Twombly/Iqbal* standard. (*See* Doc. 134 at 17.) Accordingly, the Court declines to read the unequal pay claims into the Complaint.

Plaintiff next contends that the unequal pay claims were properly pled because Defendant asked the court to dismiss such claims in its motion for summary judgment.[1] (*See* Doc. 136 at 3.) Plaintiff asserts that Defendant had fair notice of the unequal pay claims, and "[i]t would be deeply unfair . . . to rule that Defendant did not . . . in light of [Defendant] acting as if it had notice of these claims for the entire litigation." (*Id*. at 4.) Put simply, Plaintiff contends that both parties understood that the unequal pay claims were before the Court. (*See id*. at 2.) While that may be, the Court is unable to read minds and understood no such thing. Again, the Court made clear in its Memorandum Opinion Order that it could not issue a determination on the unequal pay claims because they were not properly pled under the *Twombly/Iqbal* heightened pleading standard. (*See* Doc. 134 at 15–16.) *See also Wall v. Astrue*, 561 F.3d 1048, 1066 (10th Cir. 2009) (arguments lacking adequate development are waived); *Franklin Sav. Corp. v. United States*, 180 F.3d 1124, 1128 n.6 (10th Cir. 1999) (arguments without more than a superficial development are waived).

Plaintiff further argues that should the Court read these claims into her Complaint, it must dismiss them without prejudice because they were not administratively exhausted. Yet the case she references—*Pretlow v. Garrison*, 420 F. App'x 798 (10th Cir. 2011)—is distinguishable from the present facts. In *Pretlow*, the trial court determined that it lacked jurisdiction over the plaintiff's Title VII claims because he failed to exhaust his administrative remedies and dismissed those claims with prejudice. *Id.* at 802. The Tenth Circuit affirmed the dismissal but explained that "a

---

[1] Though Plaintiff cites no authority to support her contentions in the present motion, the Court recalls a similar argument in her proposed surreply (Doc. 129-1) and wishes to dispose of it here. There, Plaintiff argued that "Matheson impliedly consented to the amendment of the Complaint to include [her unequal pay claims] when it asked this Court to dismiss those claims." (*Id*. at 5.) Plaintiff supported this argument by citing to Federal Rule of Civil Procedure 15(b) and two Tenth Circuit cases detailing Rule 15(b) and implied consent—*R.A. Pohl Const. Co. v. Marshall*, 640 F.2d 266, 267 (10th Cir. 1981) and *Dell v. Heard*, 532 F.2d 1330, 1332 (10th Cir. 1976). However, Rule 15(b) deals with amendments during and after trial and is not applicable here. *See also Hardin v. Manitowoc-Forsythe Corp*., 691 F.2d 449, 457 (10th Cir. 1982) (citations omitted) (emphasis added) (noting that "[i]mplied consent is found where the parties recognized that the issue ***entered the case at trial*** and acquiesced in the introduction of evidence on that issue without objection").

jurisdictional dismissal, here for lack of exhaustion, is a non-merits disposition to be made without prejudice." *Id.* at 803. Because of this, it remanded the case "for the court to clarify that the action is dismissed without prejudice on jurisdictional grounds." *Id*. at 804.

By contrast, here, the Court dismissed Plaintiff's Complaint on the merits. In Count I, Plaintiff asserted a claim for discrimination and retaliation under the NMHRA. The Court dismissed Count I with prejudice because Plaintiff failed to satisfy her burden under the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) framework. (*See* Doc. 134 at 10, 13.) Plaintiff brought a claim for common-law retaliation in Count II. The Court dismissed Count II with prejudice because Plaintiff failed to offer any evidence to support her claim and thereby waived it. (*See id*. at 14.) Neither of the claims were dismissed for lack of jurisdiction or failure to exhaust administrative remedies.

Though Plaintiff adamantly believes her Complaint adequately alleged the unequal pay claims, it did not. (*See* Doc 1-4.) Plaintiff now asks the Court to construe her Complaint to include the claims and dismiss them without prejudice. As the master of her lawsuit, Plaintiff had ample opportunities to amend her Complaint under Rule 15(a) and never did. The time to do so has now passed.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Amend Judgment (Doc. 136) is **DENIED**.

_____
**ROBERT C. BRACK**
**SENIOR U.S. DISTRICT JUDGE**